**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4027**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

BILLY WAYNE PAGE,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:03-cr-10069-JPJ-1)

Submitted:  July 10, 2015            Decided:  July 27, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Anthony P. Giorno, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2004, Billy Wayne Page was sentenced to 120 months' imprisonment, to be followed by a 5-year term of supervised release, after pleading guilty to being a felon and unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (3), 924(e) (2012). Upon release from imprisonment, Page violated his terms of supervision and the district court revoked his supervised release, sentenced him to six months' imprisonment, and imposed four years of supervised release. During this second period of supervision, the district court found that Page again violated his terms of supervision. The district court sentenced Page to 14 months' imprisonment, to be followed by 3 years of supervised release, including 6 months in a community confinement center. On appeal, Page argues that his sentence is plainly unreasonable. We affirm.

We review "whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not plainly unreasonable." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) (internal quotation marks omitted). Accordingly, to be successfully challenged, a revocation sentence must be both unreasonable and "run afoul of clearly settled law." Id. at 548. The district court "need not be as detailed or specific when imposing a revocation sentence

2

as it must be when imposing a post-conviction sentence," but its explanation must still provide a sufficient basis for appellate review.  Id. at 547-48.

We conclude that Page's sentence is not plainly unreasonable.  Page argues that the combination of imprisonment and community confinement renders his sentence plainly unreasonable.  Page's term of imprisonment falls within the policy statement range.  U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2014).  Moreover, the district court properly included an additional term of supervised release. USSG § 7B1.3(g)(2).  The district court was further authorized to impose a term of community confinement as a condition of supervised release.  USSG § 5F1.1.  A review of the record assures us that the district court considered the policy statement range, the parties' arguments, and Page's conduct, and provided an adequate explanation for its sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED